# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WHITNEY BANK,**
**a Mississippi State Chartered Bank**
**formerly known as Hancock Bank,**

          **Plaintiff,**

-vs-                                                  **Case No.  6:14-cv-860-Orl-28DAB**

**KEVIN S. McDONOUGH,**

          **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 22)**
>
> **FILED:**       **October 22, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff Whitney Bank, a Mississippi state-chartered bank, formerly known as Hancock Bank, a Mississippi state-chartered bank ("the Bank"), having obtained entry of a Clerk's default (Doc. 21), now moves for default judgment of monetary damages against Defendant Kevin S. McDonough. The motion is supported by a Declaration of Richard Bunting, Vice-President of the Bank (Doc. 22-1); exhibits establishing the consolidation of Hancock Bank with Whitney Bank (Docs. 22-2, 22-3); Declarations of L. Robert Kiss, Jr., Esq., as to attorney's fees (Doc. 22-4) and costs (Doc. 22-5); and the Declaration of Richard H. Gaines, Esq., as to reasonable attorney's fees (Doc. 22-6).  No response to the motion has been filed. For the reasons set forth herein, it is **recommended** that the motion be **granted, in part**.

## I. Legal Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in

amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter." Thus, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

**II. The Allegations of the Complaint**

By virtue of the default, Defendant has admitted the following pertinent well-pled allegations of the Complaint (Doc. 1):

*Note 1*

On or about June 13, 2007, McDonough executed and delivered to Whitney National Bank, plaintiffs predecessor in interest, a revolving line of credit note in the original principal amount of $250,000 with a maturity date of June 13, 2008 (¶ 6). On or about August 8, 2008, McDonough executed and delivered to Whitney National Bank a change in terms agreement wherein the revolving line of credit note was renewed in the principal amount of $248,324.79 and the maturity date was extended to February 8, 2009 (¶ 7). On or about March 24, 2009, McDonough executed and delivered to Whitney National Bank a second change in terms agreement wherein the revolving line of credit note was renewed in the principal amount of $198,270.09 and the maturity date was extended to March 24, 2014 (¶ 8). Plaintiff owns and holds Note 1 and all other loan documents (¶ 11). McDonough defaulted under the terms of Note 1 by, without limitation, failing to make the payment due at maturity (¶ 12). Despite demand, McDonough failed to cure the default or otherwise comply with the loan documents (¶ 13), and "[u]nder Note 1 and the other loan documents, defendant

McDonough owes plaintiff the principal amount of $138,303.30 plus interest, late charges, and costs of collection." (¶ 14).

*Note* 2

On or about April 4, 2007, McDonough executed and delivered to Whitney National Bank a non-revolving line of credit note ("Note 2") in the original principal amount of $85,000, with a maturity date of April 4, 2013 (¶9). Plaintiff owns and holds Note 2 and all other loan documents (¶ 18). Defendant defaulted under the terms of Note 2 by, without limitation, failing to make the payment due at maturity (¶ 19). A demand letter, dated May 7, 2014, was sent to McDonough, but McDonough failed to cure the default or otherwise comply with the loan documents (¶20). Under Note 2 and the other loan documents, McDonough owes the principal amount of $81,027.30 plus interest, late charges, and costs of collection (¶21).

**III. Analysis**

In its motion, the Bank contends that Defendant owes the following:

| | |
|---|---|
| Unpaid Principal as to Note 1 | $138,303.30 |
| Interest due through May 20, 2014 note rate of 6.5% ($24.98 per diem): | $   5,932.20 |
| Interest due from May 20, 2014 to August 12, 2014 at 18% default rate ($69.16 per diem): | $   5,808.74 |
| Late fees: | $      584.07 |
| Appraisal cost: vacant residential lot on Queen Street, Milton, FL: | $      275.00 |
| Appraisal cost: 6042 Queen Street, Milton, FL: | $      275.00 |
| Appraisal cost: 5877 & 5879 Byrom St., Milton, FL: | $      350.00 |
| Subtotal: | $151,528.31 |
| Unpaid Principal as to Note 2 | $ 81,027.30 |

| | |
|---|---|
| Interest due through August 12, 2014 at 8.5% note rate ($19.14 per diem): | $  8,749.44 |
| Appraisal cost: 603 8 Queen Street, Milton, FL | $     275.00 |
| Subtotal: | $ 90,051.74 |
| Attorney's fees | $  7,000.00* (detailed below) |
| Subtotal: | $  7.000.00 |
| Filing and recording fees | $     400.00 |
| Title Search | $     750.00 |
| Service of Process | $     375.00 |
| Subtotal: | $  1,525.00 |
| **Total Claimed Damages** | $250,105.05 |

As the allegations of the Complaint contain sums certain with respect to the principal amount owed for Notes 1 and 2, the failure to answer or contest these allegations establishes liability for the unpaid principal balances in those amounts, assuming that the Bank is in possession of the original Notes and will provide them to the Court.[1]  By virtue of the default, Defendant has also conceded that the Bank is entitled to interest, late charges, and costs.  As the amounts of interest, late charges, and

---

[1] "Under Florida law, a promissory note is a negotiable instrument. *See Perry v. Fairbanks Capital Corp.,* 888 So.2d 725, 726 (Fla. 5th DCA 2004). A party suing on a promissory note—whether just on the note itself or together with a claim to foreclose on a mortgage securing the note—must therefore be in possession of the original of the note or reestablish the note pursuant to Fla. Stat. § 673.3091. If it is not in possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note. *See, e.g., Perry*, 888 So.2d at 726; *State Street Bank & Trust Co. v. Lord*, 851 So.2d 790, 791 (Fla. 4th DCA 2003); *Figueredo v. Bank Espirito Santo,* 537 So.2d 1113, 1113 (Fla. 3rd DCA 1989); *Shelter Dev. Group, Inc. v. Mma of Georgia, Inc.*, 50 B.R. 588, 590 (Bkrtcy.S.D.Fla.1985) (applying Florida law). *See also* Fla. Stat. § 90.953 (with respect to negotiable instruments, a copy or duplicate is not admissible to the same extent as the original)."

*Dasma Investments, LLC v. Realty Associates Fund III, L.P.,*  459 F.Supp.2d 1294, 1302 (S.D.Fla. 2006).  Pursuant to Florida law, the Bank must produce the original notes before judgment can be entered upon them.  *See PNC Bank, N.A. v. Starlight Properties & Holdings, LLC,* 6:13–cv–408–Orl–36KRS,  2014 WL 2574040, *15 (M.D.Fla. June 9, 2014); *see also PNC Bank, Nat. Ass'n v. Orchid Group Investments, L.L.C.*, 2:13-CV-12-FTM-38CM,– F. Supp. 2d –, 2014 WL 3867618, *9 (M.D.Fla. Aug 06, 2014)("[]the requirement that an original promissory note be filed before the court can enter judgment on the note has long been the law in Florida").

collection costs are not specified however, Plaintiff has the burden to prove the unliquidated sums it seeks in these categories.

*Interest and Late Fees*

As the exact amount of interest has not been pled, the Court looks to the Declaration of Indebtedness (Doc. 22-1) and concludes that Plaintiff has adequately shown that interest is due in the amounts (and rates) set forth above. With respect to late charges, however, the Court finds insufficient basis to allow same here. Unlike the interest charge, which Plaintiff has calculated based on a stated per diem and rate from a stated default date, the Bank offers no evidence as to how the late charge was calculated. It is the Bank's burden to establish the amount of damages owed. A conclusory assertion that Plaintiff owes $584.07 in late fees, without any explanation as to how the Bank arrived at that conclusion, does not meet the standard. For this reason, the Court recommends no award for late fees be made.

*Attorneys' Fees and Costs*

Plaintiff has alleged that Defendant owes Plaintiff, *inter alia,* "costs of collection" and the Bank's representative declares that "the Bank is entitled to recover the attorneys' fees and costs incurred in the prosecution of this action pursuant to the terms of the notes and change in terms agreements" (Doc. 22-1, para. 17). While the Court would have preferred that Plaintiff identify the terms of the Notes relied upon for this conclusion, by defaulting, Defendant does not contest that "costs of collection" are due. At issue, however, is what is included in those costs.

– Appraisal Costs

Although the Notes reference that they are secured by real property,[2] Plaintiff does not seek foreclosure but seeks only money damages. Absent any claim for foreclosure on these properties, there is no showing that appraisal costs and title searches were appropriately incurred in the

---

[2] The real property is described as being in Milton, Florida, which is without the geographical boundaries of this District.

-6-

prosecution of *this* collection action for money damages. As such, the Court finds that they should not be awarded.

– Service of Process and Filing fee

The Court also recommends disallowance of the $375 charge for service of process. Although counsel avers that this charge was incurred, there is no invoice to support it and the amount claimed is well in excess of the usual charge for service in this District. Absent proof of the charge and an explanation as to why it is so high, the Court does not find the charge of $375 to be a reasonable cost of collection. By contrast, the filing fee of $400 is recoverable and should be awarded.

– Attorneys' Fees

The Bank pleads in its Complaint that it is "obligated to pay its attorneys a reasonable fee for their services" (Doc. 1,¶¶ 16, 23), and claims entitlement to an award of attorneys' fees pursuant to unspecified "terms" of the Notes. As Defendant did not contest his liability for "collection costs," at issue is the amount of the reasonable fee.

Courts in the Eleventh Circuit apply the "lodestar" method for calculating attorneys' fees, multiplying a reasonable hourly rate by a reasonable number of hours expended. *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)).

In determining what is a reasonable, this Court is mindful of the factors identified in *Johnson v. Georgia Highway Exp.*, *Inc.*, 488 F.2d 714 (5th Cir. 1974),[3] namely: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client

---

[3]*Johnson* was overruled on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F. 2d at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Applied here, the papers filed with respect to amount of fees properly awarded are sparse. Plaintiff offers the Declaration of attorney Robert Kiss, Jr., who states that he is counsel for Plaintiff and avers that counsel:

> has spent time on this matter reviewing the loan file, drafting a demand letter, conferring and corresponding with the bank regarding the status of the case and next steps to take, drafting a complaint, efforts to locate and serve defendants, prepare motions for default, address answers filed by defendants, respond to multiple requests for productions and admissions, preparing this motion for summary final judgment and supporting affidavits and preparing a proposed final judgment. I anticipate attending a hearing on this motion.

(Doc. 22-4).

He further avers that work has been performed by the following attorneys at the rates shown:

| Michael Anthony Shaw | 1.60 hours at $230 an hour | $368.00 |
| Christopher Ezell | 7.00 hours at $230 an hour | $1,610.00 |
| L. Robert Kiss, Jr. | 4.80 hours at $230 an hour | $1,104.00 |
| Brian K. Smithweek | 6.10 hours at $230 an hour | $1,403.00 |

Despite the fact that counsel avers $4,485.00 worth of time was expended, he nonetheless asserts that the total fees billed and *anticipated* to be billed through the entry of summary judgment total $7,000.00, and the Bank seeks an award of same. Needless to say, the Court finds this showing to be inadequate.

Mr. Kiss declares, under penalty of perjury, that, among other things, counsel drafted the complaint, spent time to locate and serve "defendant**s,**" addressed answers filed by defendants, and responded to multiple requests for productions and admissions. The Court notes that there is only one Defendant, no answer was filed by the sole Defendant, and there is no evidence that Defendant served *any* requests for production or admissions, let alone "multiple" requests. While Mr. Kiss may well have been involved in some capacity here, he is not a signatory to the Complaint and did not file an Appearance in this matter until July 29, 2014 (Doc. 12). Further, other than the conclusory paragraphs quoted above regarding the number of hours and the rates charged, Plaintiff offers no additional information regarding the qualifications of counsel or need for so many counsel to prosecute this uncontested matter to default judgment (not summary judgment).[4]

The Bank does proffer a Declaration by Richard H. Gaines, Esq., an attorney "actively engaged in the practice of law in Broward County, Florida" (Doc. 22-6). Mr. Gaines avers that he has considered the *Johnson* factors, and has determined that a reasonable legal fee for counsel in this action would be $7,000.00. *Id.* The Court is not persuaded. As noted, there is no evidence before this Court as to many of the factors Mr. Gaines claims to have considered. The Bank presents no proof (or even argument) as to any time limitations, the nature and length of the professional relationship with the client, or the experience, reputation and ability of the lawyers performing the service. Moreover, one of the factors Mr. Gaines states that he considered is "the fee customarily charged in this community for similar legal services." *Id.* As a practitioner in South Florida, however, there is no showing that Mr. Gaines has any knowledge of fees customarily charged for

---

[4]The District Court denied the Bank's motion for summary judgment as improper, noting that Defendant had not answered the Complaint and a motion for entry of default and for default judgment was the appropriate course (Doc. 19).

work in federal court cases in this community. *See Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) (going rate in the community is the most critical factor in setting the fee rate). Indeed, a search of the Court's docket shows that Mr. Gaines is not a member of the bar of this District Court and has not made any appearances within the last 10 years.

As Plaintiff has not met its burden of documenting appropriate hours and presenting sufficient credible evidence of the *Johnson* factors, and the Court cannot credit the Declarations of Mr. Kiss and Mr. Gaines, the Court is left to its own experience to fashion an appropriate award, should the District Court determine that one is warranted. Calculating the lodestar, the Court finds this to be a simple, uncontested collection action, prosecuted to default judgment. The Complaint raises no novel or significant issues and the matter appears to be straightforward and routine.  As such, the Court cannot find that the action required the 30 plus hours sought by counsel here ($7,000 divided by $230 hourly rate). Moreover, the Court cannot evaluate the reasonableness of $230 an hour without knowing anything about the qualifications of the lawyer charging the rate.  While this rate is within that considered reasonable for partner work, it is excessive for paralegals or first year associates performing routine tasks. Awards in similar recent cases in this District are significantly less than the handsome fee sought here. *See, e.g., Provident Bank v. Fox Family, LLC*, NO. 6:13-CV-908-ORL-22, 2013 WL 5652721 (M.D.Fla. Oct 16, 2013) (attorney's fees of $2,870.00 appropriate for work in suit under promissory note prosecuted to default judgment); *PNC Bank, N.A. v. Starlight Properties & Holdings, LLC,* No. 6:13-cv-408, 2014 WL 2574040, 15 (M.D. Fla. June 9, 2014) ($5,207.50 in attorneys' fees in a case much more complex than here); *VFS Leasing Co. v. Semper Fi Services, LLC*, 8:12-CV-2805-T-23EAJ, 2014 WL 2882935 (M.D. Fla. Jun 25, 2014) (default judgment in action for breach of numerous contracts, attorney's fee of $4,695.00 awarded). Considering this, as well as the skill required to prosecute the case, the quality of the work filed with the Court, the lack of any evidence that acceptance of this case precluded counsel from other employment, the amount involved and the results obtained, the Court finds that no more than $200 an hour is an appropriate rate.  As

such, the Court calculates the lodestar as 12 hours times $200 an hour, for a reasonable fee of no more than $2,400.00.

*Recommendation*

It is **respectfully recommended** that the motion be granted, in part, as follows:

1) that the Bank be required to tender the original promissory notes at issue in this case to the Clerk of Court for cancellation as of a date established by the Court;

2) After the original notes are tendered to the Court for cancellation, that the Court enter a final default judgment in favor of Plaintiff and against Defendant for $242,620.98 (principal balances plus interest and filing fee and allowable attorneys' fees), and, thereafter,

3) that the Court DIRECT the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2014.

*David A. Baker*

DAVID A. BAKER  
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge  
Counsel of Record  
Unrepresented Party  
Courtroom Deputy